THOMSON and another *v.* SMITH & GRIGGS MANUF'G Co. and others.

*(Circuit Court, D. Connecticut.* November 26, 1887.)

1. PATENTS FOR INVENTIONS—NOVELTY—CLASPS.
    The plaintiff claimed under letters patent No. 326,357, issued to Jacob J. Unbehend, for a clasp, "a flexible tongue support consisting of two plates superimposed one upon the other, and connected together by a metallic band embracing the said plates at one end thereof." Also, "in a clasp, a flexible tongue support consisting of two plates provided with corresponding slots, and a metallic band passing through the said slots and embracing the rear end portions of the plates to tie the same together." *Held*, that the band described in these claims is not a patentable novelty.

2. SAME—INFRINGEMENT—BUCKLES.
    Plaintiff claims under letters patent No. 326,357, granted September 15, 1885, to Jacob J. Unbehend, for a clasp or buckle especially adapted to arctic over-shoes. The plaintiff's device is a buckle in which the tongue is hung in recesses between two plates, one superimposed on the other, with flanges on each side of the recesses, to prevent lateral motion, and to retain the hinge-

pin in the recesses. Defendant manufactures a buckle in which the tongue is hung in notches in the flanges of the lower plate, which are turned up to make the notches. These flanges are not guards, but the parts upon which the tongue is hung. *Held*, that this was not an infringement of plaintiff's patent.

*George W. Hey*, for plaintiffs.
*Charles E. Mitchell* and *George E. Terry*, for defendants.

SHIPMAN, J. This is a motion for a preliminary injunction to prevent the alleged infringement of letters patent No. 326,357, granted September 15, 1885, to Jacob J. Unbehend, for a clasp or buckle especially adapted to arctic overshoes. The inventor, in the specification, describes the invention as follows:

"'This invention has more particular reference to the style of clasps in which the tongue is hinged between two flexible plates by a cam-shaped hinge-pin entering between the plates and prying the same apart when swinging the tongue towards its open position, thereby imparting the spring action to the clasp. My invention consists, first, in the combination, with the two tongue supporting plates superimposed one upon the other, and connected together at one end, of guards across the side edges of the flexible portions of said plate to retain the hinge-pin of the tongue in its proper bearings on the plates, and also prevent lateral displacement of said plates in relation to each other; and the invention also consists in a novel, simple, and effective means for connecting together one end of the tongue-supporting plates, all as hereinafter more fully explained, and specifically pointed out in the claims.'"

It is an improvement upon letters patent, No. 305,410, granted to the same patentee, September 16, 1884, which was for a clasp in which the tongue was hinged between two flexible plates, or rather between the leaves of a double flexible plate, by a cam-shaped hinge-pin entering between the plates, as above described. The improvement consists simply in the guards, and in the band which connects the two plates together. In No. 305,410, as well as in this patent, the hinge-pin of the tongue has its bearings in transverse recesses closed in front, which are formed near and between the forward ends of the two plates. The hinge-pin, without the guards, performs its office well. In this patent, for the purposes named in the part of the specification which has been quoted, a lateral projection is formed upon each forward end of the upper plate and upon each side of the recess, and these projections are turned at right angles to the plate. These two plates are firmly connected by a metallic band, which is wrapped around the rear ends of the plates. The edges of the embraced portion of the plates are notched, the notches serving as counter-sinks for the band. The five claims of the patent which are alleged to be infringed, are as follows:

"(1) In a clasp, the tongue hinged between two plates, and guards across the edges of the said plates, in front and rear of the hinge-pin of the tongue, substantially as and for the purpose set forth.

"(2) The combination, with two plates superimposed one upon the other, and flexible from each other, and a tongue hinged between said plates, of guards across the side edges of the flexible portions of said plates, to prevent lateral displacement of the plates in relation to each other, as set forth.

"(3) The tongue and its cam-shaped hinge-pin, in combination with two plates superimposed one upon the other, connected together at one end, and provided at their free ends with bearings for the hinge-pin, and with an opening between said bearings for the reception of the tongue, and guard-lips projecting from the edges of one of the plates, across those of the other plate at the side adjacent to the aforesaid opening, and in front and rear of the hinge-pin, substantially as described and shown.

"(4) In a clasp, a flexible tongue support consisting of two plates superimposed one upon the other, and connected together by a metallic band embracing the said plates at one end thereof, as set forth.

"(5) In a clasp, a flexible tongue support consisting of two plates provided with corresponding slots, and a metallic band passing through the said slots, and embracing the rear end portions of the plates, to tie the same together, substantially as described and shown."

The defendants' buckle or spring clasp is assumed to have the two superimposed plates,—one a base plate, and the other a supporting plate; and it has a tongue, or holding lever, provided with cam-shaped pivots which turn in their bearings. The two plates are connected together at their rear ends by a band which is integral with the base plate, and is bent around the superimposed plate. Near the forward ends of the plates, the inside edges of the lower plate are turned upward, and form flanges at right angles to the plate. In each of these flanges a notch is made, opening upward. The laterally-projecting pivots of the lever rest in the notches, as their bearings. These notches are the only means of hanging the lever to the frame. With the flanges removed the clasp is useless.

In deciding this motion, I have not the benefit of carefully taken testimony, but, aided only by *ex parte* affidavits, it seems to me that there is an important difference between the two devices. In the plaintiffs' device the tongue is hung in recesses between the plates and the flanges; on each side of the recesses are guards to prevent lateral motion of the plates, and to help retain the hinge-pin in the recesses. In the defendants' device, the tongue is hung in notches in the flanges of one of the plates, which are turned up in order that the notches may be made. These flanges are not guards for the notches; their office more resembles that of ears upon which the hinge-pin is hung. In the plaintiffs' device, the guards are something additional to the recesses in which the lever is hung, while in the defendants' device the so-called guards are the part upon which the hanging of the lever depends, and without them there would be no buckle. Neither do they prevent lateral motion of the plates, because they do not come in contact with the spring-plate, which is connected with the other plate only at their closed rear ends. The guards of the plaintiffs' buckle, and the flanges of the defendants' buckle, are for a different purpose. I do not think that the band of the fourth and fifth claims contains patentable novelty. It is simply a band to tie or secure the spring to the frame of the buckle.

The motion is denied.